## Isaac Taylor *vs.* Benson Richards.

On the refusal of one part-owner of a vessel to give bond to dissolve an attachment on his share, the other part-owners gave such bond, and took possession of the vessel, and agreed with the master to sail her on shares. *Held*, that the first part-owner could not maintain an action against the master for any portion of the subsequent earnings of the vessel, especially while the suit in which the attachment was made was still pending.

Assumpsit to recover one quarter part of the net earnings of the Brig Galena, from November 1st 1849, to the 12th of October

1850, the date of the writ. The parties agreed the following facts :

The Brig Galena, during this time, was owned, one quarter by the plaintiff, one quarter by Benjamin D. Metcalf, and one half by Moses Call. On the 22d of January 1850, while lying in Damariscotta River, in the State of Maine, she was taken possession of by the sheriff of the county in which she lay, and the plaintiff's quarter part of her attached on several writs duly sued out against him in that state. Call and Metcalf requested the plaintiff to dissolve the attachment; and, on his refusal, gave the bond required by the Rev. Sts. of Maine, *c.* 114, §§ 65, 66, (corresponding to Rev. Sts. of Mass. *c.* 90, §§ 73, 74,) of any part-owner of personal property, wishing to dissolve an attachment thereof made in a suit against another part-owner; and procured the brig to be delivered to them by the sheriff on the 1st of February 1850 ; and on the next day appointed the defendant master of the brig, (who had previously been in charge of her,) with an agreement that he should sail her on shares ; and the defendant continued to sail her under this agreement, and to receive the earnings of the vessel, until the commencement of this action. The suits in which said attachments were made are still pending.

The parties agreed that if the plaintiff was entitled to receive from the defendant one quarter part of the net earnings, the case should be sent to an auditor to ascertain the amount; otherwise, judgment to be entered for the defendant.

*C. W. Loring*, for the plaintiff.

*C. A. Welch*, for the defendant.

THOMAS, J. There are, at the least, two objections to the maintenance of this action, either of which is quite conclusive. 1st, there is no privity of contract between the plaintiff and the defendant. Call and Metcalf had authority to use the vessel, and the contract of defendant was with them. If they received profits from the use, they, if any one, are the parties to be sued. 2d. The action, if it could be maintained at all, is premature. What course will be pursued by Call and Metcalf, the part-owners with Taylor, cannot be known, until the suits,

in which Taylor's interest was attached, have been concluded. When those suits are disposed of, Call and Metcalf will have their election to return Taylor's share of the vessel, or pay the appraised value, or pay the judgment recovered against Taylor, holding his share as security for the amount paid.

It cannot now be determined whether the employment of the vessel for the time she is held under the statute by the part-owners will be profitable or not; and if they are to be held liable to account for the use, it would seem plain this could only be for the share of the profits, if any, for the whole period they so hold her.

We do not, however, mean to intimate an opinion that these part-owners would be so liable. They take the vessel because the other part-owner refuses or is unable to relieve his share from the attachment. They are bound to restore the vessel or pay the appraised value of Taylor's share. The risk is theirs, and it is very doubtful whether they would be liable to pay any thing in the nature of rents or profits for the use.

*Judgment for the defendant.*